Córdova Arone, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
El 30 de junio de 1999, el Tribunal de Primera Instancia, Sala Superior de Mayaguez, emitió sentencia declarando ha lugar una Moción de Sentencia Sumaria y, en su consecuencia, ha lugar la demanda, condenando al Municipio de Mayaguez y al Partido Popular Democrático (P.P.D.), a pagar solidariamente al Estado Libre Asociado de Puerto Rico la suma de $44,280.00, así como las costas y gastos del pleito. La sentencia devengará intereses al 8.76% desde esta fecha y hasta su pago total. La sentencia se archivó en autos y se notificó el 31 de agosto de 1999.
El 29 de septiembre de 1999, el Municipio de Mayaguez presentó su escrito de apelación ante el Tribunal de Primera Instancia y el 4 de octubre de 1999 ante este Tribunal. El Procurador General presentó su alegato el 29 de noviembre de 1999. Este Tribunal le asignó a este caso el Núm. KLAN-99-1051. El P.P.D., co-demandado y solidariamente responsable según la sentencia, presentó su escrito de apelación ante este Tribunal el 29 de octubre de 1999 y se le asignó al caso el Núm. KLAN-99-01155. Por Resolución de 13 de enero del año 2000 se *1030 consolidaron los recursos continuando su curso con el número más antiguo, Núm. KLAN-99-01051. Habiéndose resuelto la controversia por la vía de sumaria y siendo la misma una de estricto derecho, estamos en condiciones de resolver, lo que procedemos a hacer.
I
La alegación fundamental de la demanda presentada por el E.L.A. en cobro de fondos públicos es que los apelantes incurrieron en la práctica indebida de utilizar fondos públicos para propósitos privados en contravención al mandato constitucional del Art. VI, Sec. 9, de la Constitución del Estado Libre Asociado, por lo que tienen que solidariamente restituir la suma utilizada. Sostiene que de la prueba presentada surgió que el empleado Miguel A. Galo Perocier, con nombramiento o puesto inicial de Auxiliar General de Mantenimiento y Conservación de Edificios y luego Pintor II en el Municipio de Mayaguez, estuvo realmente atendiendo y trabajando en el Comité Local del P.P.D. localizado en el Barrio París de Mayaguez, el cual es conocido como “La casa de los Populares’’, para los años comprendidos entre el 1977 al 1988, de lunes a domingo.
Se alega, además, que el Sr. Galo estuvo atendiendo dicho comité político en forma continua e ininterrumpida durante horas y días laborables para los años 1976 a 1988 por órdenes e instrucciones recibidas del Alcalde de Mayaguez, Honorable Benjamín Cole Vázquez. Que dicho empleado realizaba varias tareas en el comité político, tales como atender a los ciudadanos que llegaban en busca de información, revisar y cotejar listas de electores. Durante los años 1976 a 1988, mientras el Sr. Galo estuvo atendiendo el Comité Local del P. P.D. en Mayaguez, devengó salario, bonos y otros beneficios pagados por el Municipio de Mayaguez y los cuales ascendieron a la cantidad de $44,280.00, en adición a otros beneficios tales como vacaciones, días por enfermedad y otros, aun cuando realmente no realizó trabajos o servicios a favor de dicho municipio, sino a favor del Alcalde, Sr. Cole y del P.P.D. de Mayaguez.
Posteriormente, la demanda fue enmendada dos veces, una vez para traer al pleito al apelante P.P.D. y la otra para dejar fuera del pleito como demandado en su carácter personal al ex-alcalde Cole Vázquez y añadir al co-apelante, el Municipio de Mayaguez. La alegación fundamental expresada siguió siendo la misma. El 2 de octubre de 1996, el P.P.D. contestó la segunda demanda enmendada donde alegó, entre otras cosas, que desconocía los hechos alegados en la demanda, que no consintió a que se realizaran los actos imputados, que la demanda no exponía una reclamación en su contra y estaba prescrita.
El 30 de mayo de 1996, el Municipio de Mayaguez presentó su contestación a la demanda. Alegó que la demanda no aducía hechos constitutivos de una causa de acción en su contra, que la acción está prescrita y que no se benefició en forma alguna de los hechos alegados y que en todo caso podría estar figurando como demandante y no como demandado.
El 19 de julio de 1996, el E.L.A. presentó una segunda Moción de Sentencia Sumaria, acompañando la misma con partes del Informe de Intervención M-89-1 del Contralor de Puerto Rico de 11 de octubre de 1988, declaraciones juradas del Sr. Miguel A. Galo Perocier del 30 de septiembre de 1986 y del 24 de octubre de 1989, cinco declaraciones juradas de empleados y ex-empleados del Municipio de Mayaguez, una declaración jurada del Director de la División de Municipios de la Oficina del Contralor, copia de los cheques de pago de nóminas y de las tarjetas de asistencia ponchadas del Sr. Galo Perocier y los cheques con los endosos hechos por él. El P.P. D. presentó su oposición el 16 de diciembre de 1996, la cual no acompañó con documento alguno. Sí alegó que no aparece evidencia alguna indicativa de que el P.P.D. tenía conocimiento del nombramiento, por parte del Sr. Benjamín Cole Vázquez, del Sr. Galo Perocier como encargado del Comité Municipal en Mayaguez, que las doctrinas de actos ilícitos u omisiones ilícitas y la de enriquecimiento injusto son aplicables al caso de autos y que la acción está prescrita. El apelante, Municipio de Mayaguez no presentó oposición a la solicitud del apelado para que se dictara sentencia sumaria. La apelada replicó la oposición presentada por el P.P.D. el 28 de enero de *1031 1997. Cinco meses después, se emitió la sentencia sumaria apelada.
II
El P.P.D. sostiene en su escrito que el tribunal apelado erró al dictar sentencia sumaria, por existir cuestiones de credibilidad que sólo pueden dirimirse luego de celebrado el juicio; adjudicarle responsabilidad solidaria al P. P.D. por los actos imputables al presidente de un comité municipal del partido; aplicar la doctrina de enriquecimiento injusto al caso de autos y declarar con lugar la demanda a pesar de que la causa ya está prescrita.
El apelante, Municipio de Mayaguez, alegó que erró el tribunal al interpretar que los Arts. 201 y 216 del Código Penal de Puerto Rico le imponen responsabilidad a los municipios, aplicar la doctrina de enriquecimiento injusto y decidir por sentencia sumaria en contra el municipio.
III
Procede dictar sentencia sumariamente, según disponen las Reglas 36.1 y 36.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, cuando no existe una controversia real sustancial respecto a ningún hecho material. Al considerar la moción de sentencia sumaria se tendrán como ciertos los hechos no controvertidos que consten en los documentos y las declaraciones juradas ofrecidas por la parte promovente.
La sentencia sumaria es un remedio extraordinario discrecional que sólo debe concederse cuando no hay una genuina controversia sobre hechos materiales y el tribunal se convence que tiene ante sí la verdad de todos los hechos pertinentes. García Díaz v. Darex Puerto Rico, Inc., 147 D.P.R. _, 99 J.T.S. 84. La parte o partes opositoras a su vez, deben presentar documentos y declaraciones juradas que controviertan los presentados por la parte promovente. H.M.C.A. (P.R.), Inc., etc v. Contralor, 133 D.P.R. _, 93 J.T.S. 112.
El Tribunal solamente procederá a emitir una sentencia sumaria si a la luz de los documentos sometidos, además de los que contienen los autos, no hay controversia real en cuanto a ningún hecho material y como cuestión de derecho procede dictarse. Méndez Arocho v. El Vocero de P.R., 130 D.P.R. 867 (1992). Si la parte opositora se cruza de brazos, corre el riesgo de que se dicte sentencia en su contra sin la celebración de una vista en su fondo. Piñero v. A.A.A., 146 D.P.R. _, 98 J.T.S. 140, a la pág. 216.
IV
Hemos examinado meticulosamente las declaraciones juradas que prestaron el Sr. Miguel A. Galo Perocier, su supervisor el Sr. René Ramos Muñoz, el Ingeniero Auxiliar, Sr. Héctor Rafael Bass Pineda, el Director de Obras Públicas desde mayo de 1982 a septiembre de 1985, el Sr. Bernabé Pérez Rodríguez, la Oficinista I, Sra. Norma Rodríguez, la secretaria del Ing. Héctor Bass, la Sra. Narda Rivera González y la de Edward Rivera Correa, Director en las oficinas del Contralor de Puerto Rico.
Ninguna de estas declaraciones han sido refutadas por los apelantes. Los poderes conferidos a la Oficina del Contralor, según dispone la Ley Núm. 9 del 24 de julio de 1952, 2 L.P.R.A. sec. 71, et seq., no se cuestionan. Ver, además, Sec. 22 del Art. III de la Constitución del Estado Libre Asociado. La facultad que tiene el Secretario de Justicia conforme a la Ley Núm. 17 de 8 de mayo de 1973, 3 L.P.R.A. secs. 136(a) y (b), para traer la acción que nos ocupa tampoco se cuestiona. E.L.A. v. Asoc. Empleados Obras Públicas Mun., 126 D.P.R. 320 (1990).
De las declaraciones juradas de las personas mencionadas, en especial las declaraciones del pintor Galo Perocier, respaldadas totalmente por las otras declaraciones, establecen con finalidad y en forma incontrovertida las alegaciones contenidas en la demanda enmendada. Se establece incontrovertidamente la participación directa del entonces Alcalde de Mayaguez con el Comité Local de Mayaguez al permitirle al Sr. Galo Perocier, *1032 empleado del Municipio de Mayaguez, realizar labores para el Comité Local del P.P.D. a costo del Municipio.
Surje de las declaraciones la forma en que se canalizó administrativamente el proceso de hojas de asistencia para reflejar en las nóminas los trabajos no realizados para el Municipio. Los salarios recibidos fueron debidamente acreditados con prueba documental. Ninguna de esta evidencia fue controvertida.
Como acertadamente dice el Juez Negrón García en su voto concurrente en el caso, A.E.E. y A.A.A. v. P.N.P., 128 D.P.R. 294 (1991):

“[L]a corrupción y el desembolso indebido o ilegal de fondos públicos- -en sus formas múltiples, a veces burdas y otras sofisticadas— son actos incompatibles con el sistema de gobierno democrático consagrado en nuestra Constitución y apuntalado en el respeto a la dignidad humana y el dinero del pueblo como único soberano. ”

Por último, se debe señalar que el apelante P.P.D., no planteó ante el Tribunal de Primera Instancia la alegada controversia relacionada con la credibilidad de las declaraciones del Sr. Galo Perocier en su Oposición a Sentencia Sumaria y Moción de Sentencia Sumaria y es ante este Tribunal que lo plantea como su primer error. El primer error no se cometió.
V
Pasemos ahora a discutir los tres errores restantes señalados por el apelante P.P.D, los cuales discutiremos conjuntamente.
La capacidad de los partidos políticos para demandar y ser demandados no se cuestiona por las partes. Así está decidido por la jurisprudencia. 16 L.P.R.A. sec. 3101 y ss, reafirmado por P.S.P. v. E.L.A., 107 D.P.R. 590, 595 (1978).
Entendemos, además, y así lo resolvemos, que bajo la Ley Electoral, un comité local o municipal de un partido no tiene personalidad jurídica separada del partido debidamente inscrito. La controversia que plantean los errores que atendemos es determinar qué responsabilidad, si alguna, puede tener el Partido Central por actos contrarios a la ley que cometa un comité local. Más al punto, y es el que precisamente nos ocupa, si responde el Partido Central por los actos corruptos de un comité local y consecuentemente tiene que pagar el beneficio resultante de dicho acto.
El tribunal apelado resolvió en la afirmativa. Estamos de acuerdo. No cabe duda cuál es la función de los comités locales o municipales políticos como lo era el comité que ahora nos ocupa. Existen para el beneficio del partido central y funcionan como subsidiarias del partido central que les suple la información requerida para operar eficientemente, tal como son las listas de los electores. Estos comités son entidades subordinadas al partido principal y se organizan con el sólo fin de representar a dicho partido en el área que cubren y promover su ideal político. Es su razón de ser. Al igual que el tribunal apelado, entendemos y así lo resolvemos, que la obligación que tiene el partido central de restituir al Estado se rige por la doctrina de enriquecimiento injusto y de cuasi contrato.
Está resuelto que las obligaciones contractuales contraídas por los municipios se rigen por la teoría general de los contratos, excepto en aquellas situaciones donde rigen ciertos estatutos especiales que modifican tal relación. Plan Bienestar de Salud v. Alcalde Cabo Rojo, 114 D.P.R. 697, 699 (1983). Según antes señalamos, el comité local del partido central se benefició al recibir los servicios del Sr. Galo Perocier pagados por el municipio. El partido central se benefició directamente y a través de su comité local. Están ambos obligados *1033 solidariamente a pagar el dinero que recibió el Sr. Galo Perocier y a restituir al Estado, conforme a el Art. 1796 del Código Civil, 31 L.P.R.A. sec. 5122, que cubre la eventualidad del pago indebido y que acepta el mismo de mala fe, como fue el caso con el Comité Local. En Plan Bienestar de Salud v. Alcalde Cabo Rojo, supra, se resolvió que bajo las circunstancias particulares de ese caso no se tenía que restituir. Además, que cuando el pago es ultra vires e inválido se tiene que restituir cuando el pago es indebido.
El tribunal apelado aplicó la doctrina de enriquecimiento injusto y resolvió que los requisitos establecidos para aplicar dicha doctrina se cumplieron. Al recibir el P.P.D. un servicio de un empleado pagado por el Municipio de Mayaguez, se enriqueció. En ningún momento, el pago que se le hiciera al Sr. Galo Perocier por el Municipio ha sido negado. La prueba presentada mostrando las horas de trabajo de este empleado, el lugar donde trabajaba y quién le hacía los pagos, es contundente y no ha sido rebatida. Hubo un enriquecimiento, como hubo un correlativo empobrecimiento, una conexión entre el enriquecimiento y el empobrecimiento y la inexistencia de un precepto legal que excluya la aplicación de enriquecimiento sin causa. Ortiz Andújar v. E.L.A., 122 D.P.R. 817 (1988). Obviamente, de aplicar el citado artículo relacionado con el pago indebido, no se tendría que recurrir a esta doctrina de enriquecimiento injusto. Señalamos, sin embargo, que esta doctrina o concepto forma parte de la figura de los cuasi contratos cubierta en el Código Civil, como lo es la acción por el cobro de lo indebido. Municipio de Cayey v. Soto Santiago, 131 D.P.R. 304, 310 (1992). Una no es necesariamente incompatible con la otra.
Las acciones, como las que atendemos de naturaleza personal, que no tienen señalados términos especiales de prescripción, prescriben a los 15 años. Art. 1864 del Código Civil, 31 L.P.R.A. sec. 5294. Conforme esta acción, no está prescrita. Por lo aquí expuesto, se confirma la sentencia sumaria del tribunal apelado en cuanto al Comité Central del P.P.D. concierne.
Dirigiéndonos ahora a la parte de la sentencia que resuelve contra el Municipio de Mayaguez, brevemente señalamos que estamos de acuerdo que a esta parte no se le puede aplicar la doctrina de enriquecimiento injusto, ya que ésta fue la parte que empobreció como resultado del acto corrupto de su entonces Alcalde y en ningún momento se enriqueció mediante el pago que hiciera. Estamos de acuerdo también en que los Arts. 201 y 216 del Código Penal, supra, no van dirigidos contra instituciones como lo son el Municipio o el gobierno, sino van dirigidos a personas naturales y no jurídicas. Por tanto, la sentencia sumaria contra el Municipio de Mayaguez se revoca.
VI
Conforme a lo expuesto, se devuelve el caso al Tribunal de Primera Instancia para que se proceda conforme a lo aquí expresado.
Notifíquese.
Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIO 2000 DTA 65
1. En caso que el pago indebido se recibiera de buena fe, véase el Art. 1797 del Código Civil, 31 L.P.R.A. sec. 5123, el cual, aunque limita las responsabilidades, obliga la restitución.